IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAMON CHARLES SANFORD                                                                    PLAINTIFF

v.                              Civil No. 5:24-cv-05057

OFFICER ELI HOBBS;
OFFICER BRAD ROBINSON;
WASHINGTON COUNTY SHERIFF'S DEPARTMENT                               DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by Damon Charles Sanford pursuant to 42 U.S.C. § 1983. Plaintiff, who is not incarcerated, proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned who now examines Sanford's Complaint for preservice screening under the provisions of 28 U.S.C. § 1915(e)(2)(b). Pursuant to § 1915(e)(2)(b), the Court has an obligation to dismiss a case at any time if the Court determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from relief.

### I. BACKGROUND

Sanford brings claims against Defendant Eli Hobbs and Defendant Brad Robinson in their individual capacities and against the Washington County Sheriff's Department in its official capacity alleging he was falsely prosecuted by Defendants and seeking $5,250.00 in compensatory damages, punitive damages, and other relief to which he is entitled. (ECF No. 1).

The arrest in question arose from a domestic incident on March 12, 2021. Defendant Hobbs was dispatched to Plaintiff's residence following a domestic altercation; when Hobbs arrived,

1

Sanford had already left the residence, and had walked to his parents' home. (ECF No. 1 p. 8). Charges filed against him were *nolle prossed*[1] on March 11, 2022, but Sanford says he only became aware of the Sheriff's 2021 report and potential charges when he retained an attorney to assist him. *Id.*

While convoluted, the undersigned ascertains the following background: Sanford says one week after the March 12, 2021, incident, two law enforcement officers arrived at Sanford's parent's home, ostensibly to speak with Sanford. Officer Grindstaff (not a party here) rang the doorbell three times, allegedly hiding at the sides of the house after ringing the bell; these instances disturbed Sanford's mother. *Id*. Sanford says Officer Grindstaff was verbally hostile toward Plaintiff's mother when asking to speak to Sanford. Officer Grindstaff was advised that Sanford was away with his father. *Id.* Officer Grindstaff asked for Sanford's father's cell phone number, and Sanford's mother asked if the officers had a warrant and businesses cards. *Id*. Officer Grindstaff replied in the negative; the officers left and waited at the end of the street for Sanford's return. *Id*. An attorney subsequently reached out to the Sheriff's Department, inquiring why they went to Sanford's parents' residence looking for Sanford and a Sheriff's Department supervisor allegedly threatened to arrest Sanford's mother for obstruction of justice. *Id*.

Sanford complains that the Sheriff's Department then sent several officers to Sanford's cousin's residence in Goshen that same week, alleging officers entered the property and looked around without consent or a warrant before being confronted and informed that Sanford went to his parents' residence after the incident. (ECF No. 1, p. 9).

Sanford says his attorney sent photos of Sanford's injuries from the March 2021 incident

---

[1] The Court has been unable to find a record of any criminal case filed against Sanford in 2021 or 2022.

and discussed them with a Sheriff's Department supervisor; they discussed the facts of the incident and arguable probable cause, and the attorney was informed that charges would not be filed. (ECF No. 1, p. 9). Sanford's attorney also spoke with prosecutors about whether a warrant for Sanford was being sought and learned there was no warrant. *Id*. The attorney inquired about a request by Defendant Hobbs that Sanford "turn himself in" and was informed this would not work in the absence of a valid warrant. *Id*. Following these conversations, Sanford says his attorney advised Sanford and his family that the matter was resolved, and Sanford could retrieve his belongings from his former residence. *Id*.

Sanford alleges that two months later, Defendant Hobbs returned to his parents' home at 1:57 am and rang the doorbell, knocked multiple times on the door, and took pictures of vehicles at the residence. *Id*. An attorney was retained who contacted Hobbs; Hobbs advised via email there was felony probable cause for Sanford's arrest and that Sanford needed to turn himself in, advising that if Sanford was caught while driving, he would be arrested, and his vehicle would be towed. *Id*. Sanford says Hobbs attempted to blackmail Sanford in this email by stating that if he turned himself in, Hobbs would make it easy by booking him in and out quickly, but the matter would be worse if Sanford did not do so. *Id*.

Approximately four months following this email exchange with Hobbs, Sanford filed an order of protection against his former partner because of injuries he had sustained during the March 12, 2021, incident. *Id*. Sanford says he arrived at the Washington County Courthouse and there was no confrontation with any officer. *Id*. Nearly a year later, Sanford went to the Washington County Sheriff's Department to file a fraud report and was met by Defendant Robinson. Robinson allegedly followed Sanford to his car when he went to retrieve his ID; Sanford alleges Robinson

3

reached into the door and unlocked it without Plaintiff's consent, pulled Sanford out of the car by the arm, and threatened Sanford about being physically dragged back inside if he did not sign paperwork for charges related to the incident of March 12, 2021. (ECF No. 1, p. 10). Sanford alleges Robinson told him to talk to an attorney and the charges would just go away "magically." Sanford says he was violently thrown into Defendant Robinson's SUV while handcuffed. (ECF No. 1, pp. 10, 11).

At some point, Sanford's attorney requested discovery concerning the March 12th incident and received a motor vehicle recording and Defendant Hobbs' written report. (ECF No. 1, p. 10). After watching the video, Sanford's attorney advised him that Defendant Hobbs' report did not align with the recording, and that Hobbs must be aware that the alleged victim was the only aggressor although she was never charged. *Id*. Sanford says the alleged victim told Defendant Hobbs she just wanted Sanford to leave but she did not wish to press charges. *Id*.

Sanford says no warrant was ever issued for his arrest, and that even after the case against him was dismissed, Sanford's complaints to the supervisors at the Washington County Sheriff's Department were not taken seriously. (ECF No. 1, p. 11).

Sanford's complaint seeks to allege the following: Malicious prosecution on the parts of Defendants Hobbs and Robinson; false imprisonment by Defendant Robinson when he detained and arrested Sanford on March 12, 2021; defamation by Defendant Hobbs in the incident report; perjury on the part of Defendant Hobbs by fabricating statements in the incident report, and by swearing a probable cause warrant which was denied; and false arrest by Defendant Robinson. (ECF No. 1, pp. 12-13).

## II. APPLICABLE LAW

Under § 1915(e)(2)(b), the Court is obligated dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(b). A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* at 544. However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United

5

States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

    A.    <u>Claims Against the Washington County Sheriff's Department</u>

Sanford has named the Washington County Sheriff's Department as a defendant. The Sheriff's Department, however, is not considered a person or legal entity subject to suit. *See e.g Ketchum v. City of West Memphis,* 974 F.2d 81, 82 (8th Cir. 1992) (police department not a juridical entity suable as such); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987) (sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 868 F.2d 1017 (8th Cir. 1989). Sanford's claim against the Washington County Sheriff's Department is subject to dismissal.

    B.    <u>Claims Against Hobbs and Robinson in their Individual Capacities</u>

"Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)). To state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. Sanford makes factual allegations showing what each Defendant Hobbs and Defendant Robinson allegedly did which violated his constitutional rights, and the undersigned turns in attention to whether or not those allegations state any claim.

Malicious Prosecution Claims

For a malicious prosecution claim – sometimes referred to as an unlawful seizure pursuant to legal process claim – to establish a constitutional violation, it must arise under the Fourth Amendment. *Harrington v. City of Council Bluffs,* 678 F.3d 676, 679 (8th Cir. 2012). "[T]he gravamen of the tort of malicious prosecution" is "the wrongful initiation of charges without probable cause." *Thompson v. Clark,* 596 U.S. 36, 44 (2022). The elements of a malicious prosecution claim are: (1) the charge was instituted without probable cause; (2) the motive for instituting the suit was malicious – that is, for a purpose other than bringing the plaintiff to justice; and (3) the prosecution ended with a favorable termination. *Id.* In *Thompson,* the Court determined that to establish a favorable termination a plaintiff "need only show his prosecution ended without a conviction." *Id.* at 39.

Here, it is questionable whether probable cause existed at the time of the warrantless arrest of Sanford. Sanford alleges Defendant Hobbs and Defendant Robinson acted out of ill will or in a spirit of revenge but does not allege specific malicious motive. Plaintiff's charges ended with a favorable termination. Therefore, the claim is cognizable and should be allowed to proceed.

False Imprisonment/False Arrest Claim

An officer is entitled to "qualified immunity for a warrantless arrest if the arrest was supported by at least 'arguable probable cause.'" *Joseph*, 712 F.3d at 1226. "Arguable probable cause exists even where an officer mistakenly arrests a suspect believing it is based on probable cause if the mistake is objectively reasonable." *Id*. (internal quotation marks and citation omitted). The existence of probable cause is a question of law. *Id*. at 1227.

"Under the Fourth Amendment, a person has a right to be secure in his person and warrants

7

may not issue but upon probable cause*.*" *Ross v. City of Jackson, Mo.*, 897 F.3d 916, 920 (8th Cir. 2018). "It is well established that a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments." *Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013) (internal quotation marks and citation omitted). However, a false arrest claim under § 1983 "fails as a matter of law where the officer had probable cause to make the arrest." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001).

"[P]robable cause is a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983). The Eighth Circuit advises that "An officer has probable cause to make warrantless arrest when the totality of the circumstances at the time of the arrest 'are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense.'" *Borgman v. Kedley*, 646 F.3d 518, 523 (8th Cir. 2011) (*quoting Fisher v. Wal-Mart Stores, Inc.*, 619 F.3d 811, 816 (8th Cir. 2010))"The substance of all the definitions of probable cause is a reasonable ground for belief of guilt." *Baribeau v. City of Minneapolis*, 596 F.3d 465, 474 (8th Cir. 2010).

"We must give law enforcement officers 'substantial latitude in interpreting and drawing inferences from factual circumstances,' ... but such latitude is not without limits." *Kuehl v. Burtis*, 173 F.3d 646, 650 (8th Cir. 1999) (*quoting United States v. Washington*, 109 F.3d 459, 465 (8th Cir. 1997)). First, evidence tending to "negate the possibility that a suspect committed a crime is relevant" to whether probable cause exists. *Id*. "In this sense, the Fourth Amendment requires that we analyze the weight of all the evidence – not merely the sufficiency of the incriminating evidence." *Id*. Second, "law enforcement officers have a duty to conduct a reasonably thorough

investigation prior to arresting a suspect, at least in the absence of exigent circumstances and so long as law enforcement would not be unduly hampered if the agents wait to obtain more facts before seeking arrest." *Id*. (internal punctuation marks and citations omitted).

An officer is entitled to "qualified immunity for a warrantless arrest if the arrest was supported by at least 'arguable probable cause.'" *Joseph*, 712 F.3d at 1226. "Arguable probable cause exists even where an officer mistakenly arrests a suspect believing it is based on probable cause if the mistake is objectively reasonable." *Id*. (internal quotation marks and citation omitted). The existence of probable cause is a question of law. Id. at 1227.

In this case, the incident related to this arrest occurred a year prior to Sanford's arrest. Sanford says that Defendant Hobbs had applied for and been denied a warrant which would render it difficult for Defendant Robinson to mistakenly believe there was probable cause for this arrest. Plaintiff has pled sufficient facts to raise the question of whether probable cause existed at the time of his arrest, and this claim should be allowed to proceed against Defendant Robinson.

<u>Defamation Claim</u>

Defamation of character does not state a constitutional violation. "[D]efamation, per se, is not actionable under section 1983." *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981). The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause. *Paul v. Davis*, 424 U.S. 693, 711-12 (1976). In other words, the "Supreme Court has made clear that federal courts are not to view defamatory acts as constitutional violations." *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 400 (3d Cir. 2000). No cognizable claim for defamation is stated, and therefore this claim should not be allowed to proceed.

9

<u>Perjury</u>

Sanford alleges Defendant Hobbs knowingly made false statements in his police report, and sought a warrant based upon those false statements. A warrant based upon an affidavit containing "deliberate falsehood" or "reckless disregard for the truth" violates the Fourth Amendment. *Franks,* 438 U.S. at 171, 98 S.Ct. at 2684. An official who causes such a deprivation is subject to § 1983 liability. *See Burk v. Beene,* 948 F.2d 489, 494 (8th Cir.1991). *Bagby v. Brondhaver*, 98 F.3d 1096, 1098 (8th Cir. 1996). If Officer Hobbs had obtained a warrant by submitting an affidavit containing deliberate falsehoods, Sanford might have had a Fourth Amendment claim. No warrant, however, was granted, and therefore, Plaintiff has not pled sufficient facts to state a cognizable claim for a Fourth Amendment violation and this claim should not be allowed to proceed.

### III. CONCLUSION

For the reasons stated above, the Court recommends the claims against the Washington County Sheriff's Department be dismissed for failure to state a cognizable claim.

The Court recommends that the claims against Defendant Robinson for malicious prosecution and false imprisonment/arrest in his individual capacity be allowed to proceed.

The Court recommends that the claim against Defendant Hobbs for malicious prosecution in his individual capacity be allowed to proceed but recommends dismissal of the false imprisonment/arrest claim against Defendant Hobbs.

Finally, the Court recommends that the perjury and defamation claims against any Defendant be dismissed for failure to state a cognizable claim.

By separate order, the remaining claims will be served on Defendants Robinson and Hobbs.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

RECOMMENDED this 12th day of April 2024.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE